UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BILL NORKUNAS, individually,

      Plaintiff,

v.   Case No.

SEDANO'S MARKET, INC., a Florida for profit corporation,

      Defendant.
_____/

## COMPLAINT
(Injunctive Relief Demanded)

Plaintff, BILL NORKUNAS, individually, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, SEDANO'S MARKET, INC., a Florida for profit corporation, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and Florida Accessability Code ("FAC").

1. Plaintiff BILL NORKUNAS is a Florida resident, is sui juris and qualifies as an individual with disabilities as defined by the ADA.

2. Defendant's properties, Sedano's Food Markets, are located in Broward and Miami-Dade counties.

3. Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs. The Defendant's properties are located in and do business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff BILL NORKUNAS has visited the properties which form the basis of this lawsuit and plans to return to the properties to avail himself of the goods and services offered to the public at the properties, and to determine whether the properties have been made ADA compliant. The Plaintiff has encountered architectural barriers at the subject properties. The barriers to access at the properties have endangered his safety.

6. Plaintiff is deterred from and is denied the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendant's properties equal to that afforded to other individuals. Plaintiff is aware that it would be a futile gesture to attempt to visit Defendant's properties if he wishes to do so free of discrimination.

7. Defendant owns, leases, leases to, or operates places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The places of public accommodation that the Defendant owns, operates, leases or leases to are known as Sedano's.

8. BILL NORKUNAS has realistic, credible, existing and continuing threats of discrimination from the Defendant's noncompliance with the ADA and FAC with respect to the properties as described but not necessarily limited to the allegations in paragraph 10 of this Complaint.

      Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff BILL NORKUNAS desires to visit Sedano's Food Stores not only to avail himself of the goods and services available at the properties but to assure himself that the properties are in compliance with the ADA and FAC so that he and others similarly situated will have full and equal enjoyment of the properties without fear of discrimination.

9.    The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10.   The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA and FAC by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Sedano's Food Stores has shown that violations exist. These violations include, but are not limited to:

> **Store #24**
> **2319 N. State Road 7**
> **Hollywood, FL**
>
> In the parking area, there are an insufficient number of spaces designated for disabled use, violating Section 4.1.2(5)(a) of the ADAAG.
>
> There are changes in level greater than ½" on the accessible route violating Section 4.5.2 of the ADAAG
>
> There are counters throughout the facility in excess of 36" in violation of Section 7.2(1) of the ADAAG.
>
> The grab-bars in many of the common area restrooms do not comply with the requirements prescribed in Figure 30 and Section 4.26 of the ADAAG.

There are self-service areas that are outside of the reach ranges prescribed in Sections 4.2.5 or 4.2.6 of the ADAAG.

There are protruding objects present throughout the facility in violation of Section 4.4 of the ADAAG.

There is fixed or built in seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG.

There are exposed pipes in restrooms at the facility, violating of Section 4.19.4 of the ADAAG.

**Store#34**
**17171 Pines Boulevard**
**Pembroke Pines, FL  33027**

In the parking area, there are an insufficient number of spaces designated for disabled use, violating Section 4.1.2(5)(a) of the ADAAG.

There is no accessible route from the parking areas to the facility in violation of Section 4.3.2 of the ADAAG.

There are doors at this facility that lack the required maneuvering clearances violating Section 4.13.6 and Figure 25 of the ADAAG.

There is fixed or built in seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG.

There are protruding objects present throughout the facility in violation of Section 4.4 of the ADAAG.

There are counters throughout the facility in excess of 36" in violation of Section 7.2(1) of the ADAAG.

There is no signage identifying the accessible checkout lanes as required in Section 7.3 (3) of the ADAAG.

There are curb ramps at the facility contain excessive slopes, side slopes or cross slopes in violation of Section 4.7.2 of the ADAAG.

**Store#35**

**7208 South Gate Blvd.**
**N. Lauderdale, FL  33088**

There are no disabled parking spaces designated at this facility in violation of Section 4.1.2(5)(a) of the ADAAG.

There are protruding objects present throughout the facility in violation of Section 4.4 of the ADAAG.

The location of the signage on the accessible restrooms does not comply with the requirements in Section 4.30.6 of the ADAAG.

There are protruding objects present throughout the facility in violation of Section 4.4 of the ADAAG.

There are doors at this facility that lack the required maneuvering clearances violating Section 4.13.6 and Figure 25 of the ADAAG.

The grab-bars in many of the common area restrooms do not comply with the requirements prescribed in Figure 30 and Section 4.26 of the ADAAG.

There are counters throughout the facility in excess of 36" in violation of Section 7.2(1) of the ADAAG.

There is fixed or built in seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG.

There are dispensers provided for public use in the restrooms with controls outside the ranges prescribed in Section 4.27 of the ADAAG.

**Store#36**
**18600 NW 87 Avenue**
**Miami, FL  33015**

There are no disabled parking spaces designated at this facility in violation of Section 4.1.2(5)(a) of the ADAAG.

There is no accessible route from the parking areas to the facility in violation of Section 4.3.2 of the ADAAG.

The ramps provided from the parking areas to the facility have slopes, in excess of the limits prescribed in Section 4.8.2 of the ADAAG.

> There are self-service areas that are outside of the reach ranges prescribed in Sections 4.2.5 or 4.2.6 of the ADAAG.
>
> There are protruding objects present throughout the facility in violation of Section 4.4 of the ADAAG.
>
> There are doors at this facility that lack the required maneuvering clearances violating Section 4.13.6 and Figure 25 of the ADAAG.
>
> There are counters throughout the facility in excess of 36" in violation of Section 7.2(1) of the ADAAG.
>
> There is no signage identifying the accessible checkout lanes as required in Section 7.3 (3) of the ADAAG.
>
> There is fixed or built in seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG.

11. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA and FAC violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff and all other individuals similarly situated have been denied access to and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities are ones which were designed and constructed for first occupancy

subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Sedano's Food Stores to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA and FAC.

**WHEREFORE,** Plaintiff respectfully requests:

    a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

    b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA and FAC; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with

  disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

        Respectfully Submitted,

        Barbra R. Joyner, Esq., Of Counsel
        Thomas B. Bacon, P.A.
        1470 E. Michigan St.
        Orlando, FL  32806
        Email:  bjoyneresq@aol.com
        Phone: (407) 481-7997
        Fax: (407) 481-7986
        Florida Bar. Id. No. 141348
        By: /s/ Barbra R. Joyner, Esq.
          Barbra R. Joyner, Esq.

        Thomas B. Bacon, Esq.
        Thomas B. Bacon, P.A.
        4868 S.W. 103rd Ave.
        Cooper City, FL  33328'
        Email: tbb@thomasbaconlaw.com
        Phone: (954) 478-7811
        Fax: (954) 237-1990
        Florida Bar. Id. No. 139262
        By: /s/ Thomas B. Bacon, Esq.
          Thomas B. Bacon, Esq.